SOUTHWESTERN INV. CO. et al. v. GREEN.
(No. 2298.)

Court of Civil Appeals of Texas. El Paso.
June 13, 1929.

Rehearing Denied July 8, 1929.

Harrison, Scott & Rasberry, of El Paso, for appellants.

Nealon, Hudspeth & McGill, of El Paso, for appellee.

PELPHREY, C. J. This is an appeal from a judgment of the El Paso county court at law for $40.96 as usurious interest and $115, the price received from the sale of an automobile.

Appellee borrowed $150 from appellants and gave a chattel mortgage on a certain Whippet automobile.

P. J. Lorscheider, manager and one of the partners in the Southwestern Investment Company, placed the car in his private garage to keep until the loan was repaid.

Appellee executed ten notes for $16.50 each, payable one each month for a period of ten months. When some of the notes were past due, appellee authorized Lorscheider to sell the Whippet car and agreed to give him 5 per cent. commission for doing so.

The car was sold by a Mr. Hough, who had been sent to appellee by Lorscheider, and settlement made with appellee on the basis of $400.

Appellee alleged the payment by him of $20.48 as usurious interest, and the receipt by appellants of the ford car in addition to the $400 paid him for the car.

Appellants denied the receipt of usurious interest, alleged that the item of $15 included in the notes was for storage and other expenses connected with the loan, and that appellee had agreed to take $400 net to him for the car, and therefore was entitled to no more than that amount.

The case was submitted to a jury on special issues, and upon the jury's verdict, the judgment above mentioned was rendered.

### Opinion.

Eight propositions are presented in appellants' brief viz.: (1) That a contract providing for the rendition of a service by the lender to the borrower, a fair charge therefor, in addition to the highest legal rate of interest, does not render the contract usurious; (2) that in the absence of an express agreement, the performance of a service by the lender which results in a benefit to the borrower, and which is accepted by the borrower, and a reasonable charge is made for the service,

creates an implied contract to pay for such services, and the highest rate of interest being collected in addition to such service charge does not render the contract usurious; (3) that the court should have instructed the jury that the reasonableness of the service charge was material on the question of intent; (4–6) that the evidence raised an issue as to whether Hough was the agent of appellee, and that the court erred in refusing to submit to the jury such issue; (7) that the issue as to Lorscheider concealing the fact of the Ford car being part of the consideration for the Whippet car was prejudicial and should not have been given; and (8) that appellee having agreed with Hough to accept $400 net to him for the Whippet car, he was barred from recovering more.

The first proposition is based on assignments of error 2 and 4, which read as follows:

"Assignment No. 2: The court erred in rendering judgment on the verdict of the jury for the reason that the verdict is contrary to the preponderance of the evidence, in that the testimony of all the witnesses conclusively shows that the $15.00 charge was payment for service rendered and which charge was a reasonable charge for the service so rendered."

"Assignment No. 4: The court erred in overruling defendant's objection No. 2 to the main charge of the court, which reads as follows: 'Defendants object to Question No. 1 contained in the main charge, because the uncontroverted evidence shows that the item of $15.00 was paid for service rendered by the defendant to the plaintiff, and which service was reasonable and resulted in legitimate benefit to the plaintiff.' "

■ The proposition is sound, but, when we look to the assignments, we find their contention, in effect, to be that a verdict should have been instructed in their favor. The evidence does not, in our opinion, call for such action. Appellee testified that Lorscheider told him the $15 item was for brokerage, and this statement was not denied by Mr. Lorscheider when he was called as a witness for appellants. The facts and circumstances surrounding the whole transaction tend to support that theory, at least it raised the issue as to whether the item was for interest or a service charge, and the court properly submitted it to the jury for its determination.

■ Implied contracts arise where there are circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intent to contract, or where, under the circumstances disclosed, it will be implied that a party did make such an agreement as he ought in fairness to have made. 13 Corpus Juris, pp. 241, 242.

■ In this case there was no service performed by appellants which corresponded in value to the item in question, and the storing of the car might have been of benefit equally to both parties. Mr. Lorscheider testified that

he made an investigation of appellee, found that he was a stranger in the town, that he owed one of the banks, and that he considered it risky to make the loan and allow appellee to retain possession of the car. It thus appears that the reason for taking possession of the car by appellants was to better protect their loan.

The storage of the car for the full period of the loan would have amounted to $50, and it calls for considerable stretch of the imagination under these facts to find that there was a mutual intent between the parties that the $15 item was to pay for storage. Nor do we think the facts and circumstances are such as to justify us in holding that he did agree to pay the item, on the theory that in fairness he should have made such an agreement.

There being neither an express nor implied agreement that the $15 item was for storage and other expenses incident to the loan, the instruction as to the reasonableness of such charges was properly refused.

The instructions with reference to the agency of Hough were also properly refused.

Under the facts, as we view them, appellee dealt with Hough as the representative of Lorscheider, and we find no evidence which supports the contention of appellants that he was employed by appellee. Lorscheider sent him to appellee, and he so advised appellee when he first called on him.

The record discloses that Hough was a salesman for the Trotti Motor Company at the time, but, as far as this record shows, not even a hint of this fact was ever made known to appellee.

Under the facts surrounding the transaction, appellee was justified in believing, as he evidently did, that Hough was representing Lorscheider and in dealing with him as such.

■ The issue as to Lorscheider concealing the fact that a Ford car was received as part of the consideration for the Whippet car was, in our opinion, entirely proper. Appellee alleged that the facts regarding the Ford car were concealed from him, and the allegation is supported by the testimony of Lorscheider himself. He testified: "I talked to Green about it over the phone. I told him that Hough had a proposition of $400.00 net to him and asked him if that was satisfactory. He said that he would like to get more, that he supposed he could not, and the price was satisfactory to him. I did not tell him anything about the Ford car. I believe that I knew about the Ford at that time."

■ The agent is bound to the exercise of the utmost good faith toward his principal. 21 R. C. L. p. 824, § 9.

■■ An agent may have an interest in the sale of property belonging to his principal; but in such case the burden is upon the agent to show that the principal had knowledge, not only of the fact that the agent was interested, but also of every material fact known to the agent which might affect the principal, and

that, having such knowledge, he freely consented to the transaction. The agent will be required to account for any secret profit which he may have received. 21 R. C. L. pp. 829, 839, § 13.

It has also been held by our courts that an agent cannot for his own benefit make and retain a secret profit when acting in behalf of his principal, but must account to his principal therefor. Smith v. Smith (Tex. Civ. App.) 213 S. W. 273, and authorities there cited.

What has been said disposes of the proposition that appellee was barred from claiming more than the $400 he agreed to take.

The judgment of the trial court is affirmed.