**BUTE v. STICKNEY.**

No. 11058.

Court of Civil Appeals of Texas. San Antonio.

March 4, 1942.

Mann & Mann, of Laredo, for appellant.

F. B. Guerra, Jr., of Hebbronville, and Bismark Pope, of Laredo, for appellee.

SMITH, Chief Justice.

In this action in trespass to try title, E. H. Stickney recovered of J. H. Bute an undivided one-fourth interest in an undivided three-fourths interest in the minerals in a block of 3,000 acres of land in Jim Hogg County, less a $\frac{1}{32}$d mineral interest retained by the owner of the surface of said land, Victoria G. de la Garza.

Stickney's claim is based upon the hypothesis that he procured for Bute the three-fourths interest from the surface

owner, and was to receive from Bute an undivided one-fourth thereof for his activities in Bute's behalf in the transaction.

■ In this appeal Stickney, for the first time, contends that he and Bute were partners in the transaction involved. But as he did not allege such relationship below, and as the jury found against the theory of partnership, it cannot be given effect here. Under Stickney's allegations and evidence thereunder and the jury findings thereon the case made by him was one of principal and agent, rather than of partnership.

■ As stated, Stickney brought the suit in the form of an action in trespass to try title, but after setting out the conventional allegations provided by statute in such actions, he went further and specially alleged his grounds for title, thereby limiting his right to recover to those grounds. He alleged, in substance, that the three-fourths mineral interest had been conveyed to him by the surface owner, less ⅟₃₂d interest retained by the latter; that on February 26, 1935, he executed a writing to the effect that he had procured such conveyance, but that he had taken and was holding title in his own name in trust for Bute, who was the beneficial owner of such interest, and therein agreed to "execute formal deed and assignment of the same" to Bute or his nominee; that subsequently, on March 15, 1935, he purportedly executed a deed unconditionally conveying said three-fourths interest to Bute, which deed was duly recorded. Stickney then alleged that the first instrument was executed by him under duress, and that the said deed was a forgery, wherefore he prayed that both instruments be cancelled, and that he recover an undivided one-fourth interest in said three-fourths mineral interest as agreed compensation to him for procuring said three-fourths interest for Bute. It is unnecessary to speculate upon the status of the title to the three-fourths interest if the two instruments in question be cancelled, and Stickney's claimed one-fourth interest be superimposed thereon. Primarily, at least, it would leave the entire legal title in Stickney, plus the equitable title to a one-fourth interest in the subject matter.

Be that as it may, we have examined the record and conclude that the grounds upon which Stickney relies for cancellation of his first written instrument and subsequent deed are without support in the record and did not authorize the trial court to cancel those instruments.

■■ First, we are of the opinion plaintiff did not efficiently allege and did not establish by evidence that he executed the first instrument under duress. The effect of his allegations was that he executed the first instrument while in a highly nervous and excitable state brought about by Bute's alleged delay in repaying Stickney for a loan of $1,500. We conclude that those allegations do not efficiently allege duress. In his proof under these allegations plaintiff testified in effect that he advanced $1,500 in behalf of Bute as part of the purchase price of the three-fourths mineral interest, on Bute's promise to reimburse him the next day; that Bute did not make the payment the next day but delayed it until the second day, thereby embarrassing Stickney who needed said amount to enable him to operate his business of dealing in oil properties; that by advancing the amount to Bute he depleted his and his wife's joint bank account without the knowledge of his wife, which got him "in a jam" in his relations with his wife, and both he and she were upset and were nervous and excited about it and that because of these conditions he signed the instrument in question. We hold that this evidence did not authorize a finding of legal duress, albeit we would not jeer at the potentialities of domestic "jams."

■■ But, even though duress had been shown as to the first instrument admittedly executed by Stickney, the fact could be given no effect in this case in the face of the deed subsequently executed by Stickney, by which he unconditionally conveyed the three-fourths mineral interest to Bute, in pursuance of the obligations and recitals in the first instrument. It is true Stickney alleged, although in an unverified pleading, that this deed was a forgery, but he abandoned that contention upon the trial by not proving the allegation or requesting or eliciting a jury finding upon the issue of forgery. The case stands, then, upon the conceded foundation that Bute was the owner of the legal title to three-fourths of the mineral interest in the land, less a ⅟₃₂d interest retained by the owner of the surface; that Stickney claims under a parol agreement of Bute to give him a one-fourth interest in said three-fourths interest as the latter's brokerage

commission for procuring the interest for Bute, at Bute's expense.

By these processes Stickney was relegated to an equitable claim of title, resting in parol, by which he would impress a resulting trust upon Bute's legal title, accruing to him by reason of Bute's agreement to give him an undivided one-fourth interest in the three-fourths interest in the minerals in the 3,000 acre tract (less ⅟₃₂ retained by the surface owner), as an agent's commission for services rendered Bute in procuring said three-fourths interest. In short, Stickney invoked the powers of equity to aid him in enforcing his claim for brokerage commission. Under the jury findings he was entitled to this relief—if he sought it with clean hands, which must now be determined.

■ As stated, Stickney purchased the three-fourths interest in the 3,000 acres for Bute, as Bute's agent, as found by the jury. He purchased it from the owner of the surface, for $3,000 paid by Bute, upon the assumed representation to Bute that he could not get it from the owner for less. But upon the trial Stickney admitted that in the transaction in which he purchased the interest for Bute he secretly accepted from the seller an undivided one-half of the ⅟₃₂d interest retained by the seller; that he had this ⅟₆₄th interest conveyed to a dummy for his benefit, without the knowledge of his principal, Bute, and for the very purpose of concealing the fact from Bute, who knew nothing of it until it was disclosed in this litigation. In short, Stickney accepted commissions from the seller while purporting to act for his principal, the purchaser, only, and without his principal's knowledge or consent. We held on the original disposition that Bute could not complain or invoke reversal on account of Stickney's disloyalty because he had failed to elicit or request a jury finding upon the issue. But in re-examining the record on rehearing we find, conclusively, that by his own positive and reiterated testimony Stickney definitely and unequivocally admitted the facts constituting his disloyalty, and there is nothing in the record directly or inferentially contradicting these admissions. It was there-

fore unnecessary for Bute to elicit or request a finding thereon, since the fact was established as a matter of law. Bute has efficiently raised and presented this question here.

■■ It is elemental that an agent employed and relied upon to procure from a third party a benefit for his principal, for a commission to be paid by the latter, is not entitled to claim such commission if he has secretly and without his principal's knowledge accepted a profit from the third party as a result or part of the same transaction. 2 Tex.Jur. pp. 598, 603, §§ 185, 193; 2 Am.Jur. p. 237, § 304; Moore v. Kelley, Tex.Civ.App., 162 S.W. 1034; Southwestern Inv. Co. v Green, Tex.Civ. App., 19 S.W.2d 102; Parks v. Schoellkopf, Tex.Civ.App., 230 S.W. 704. As Stickney admittedly and secretly accepted and appropriated compensation from the third party in this case, while acting as Bute's agent in the same transaction, he is not, under the authorities and in contravention of public policy, entitled to recover an agent's commission from Bute, who knew nothing of the disloyalty of his agent.

Upon the record, the trial judge erred in not rendering judgment that Stickney take nothing of Bute. Accordingly, appellant's motion for rehearing is granted, the judgment of the trial court will be reversed and judgment here rendered that appellee take nothing. This opinion will be substituted for the original opinion, now withdrawn.

Reversed and rendered.

### On Motion for Rehearing.

It was inadvertently said in the opinion of this Court filed on March 4, 1942, that the trial court erred in not directing a verdict for appellant. The statement has been deleted from the opinion. Our holding was, in effect, that the trial court erred in not rendering judgment against Stickney, and for Bute, on the verdict of the jury, in connection with undisputed testimony and the admissions made by Stickney in the course of the trial.

We adhere to that holding and overrule Stickney's motion for rehearing.