Robert Emory LAMPKIN, Appellant,

v.

Linnie Marie LAMPKIN, Appellee.

No. 6216.

Court of Civil Appeals of Texas, El Paso.

May 3, 1972.

Garland Casebier, Midland, for appellant.

Legg, Saxe & Baskin, Pat M. Baskin, Midland, for appellee.

## OPINION

PRESLAR, Justice.

This is a suit brought by appellee, Linnie Marie Lampkin, against her former husband, appellant Robert Emory Lampkin, seeking to collect past due payments under a property settlement agreement incident to their divorce. The appellant husband was the plaintiff in the divorce suit in which judgment was granted on May 5, 1966, the defendant wife having waived citation and entered her appearance. During the pendency of the suit the husband executed an instrument whereby he agreed to pay the wife $200.00 per month for the rest of her life or until she remarried. Such payments were made through August of 1968, but none have been made since such time, and this suit was instituted to collect payments due since such date. Summary judgment was granted appellee for all payments due to date of judgment, and it is from that order granting summary judgment that this appeal is taken. In issue are questions as to the validity of the agreement, it being stipulated that no payments have been made since August, 1968. We are of the opinion that the judgment should be affirmed.

We will refer to the parties as they appeared in the trial Court in this case, appellant as defendant and appellee as plaintiff, or as husband and wife. Defendant-appellant asserts that the granting of the motion for summary judgment was error because there were fact issues as to his defenses of lack of consideration for the agreement, and that he was coerced into such agreement. The summary judgment evidence before the Court consisted of the divorce judgment, the contract in question, and the affidavits of each of the parties. Plaintiff's burden on her motion for summary judgment was to submit proof which established as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs et al.

v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970). The burden of proof is on the plaintiff as movant, and all doubts as to the existence of a genuine issue of material fact are resolved against her. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the defendant opposing the motion is accepted as true. Parrott et al. v. Garcia et al., 436 S.W.2d 897 (Tex.1969); Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.1965).

The instrument in question recites:

"For and in consideration of my wife Linnie Marie Lampkin agreeing to divide our community property in a manner requested by me, and the further consideration being her cooperation and agreement not to contest that certain divorce action between Linnie Marie Lampkin and Robert Emory Lampkin; and the further consideration being love and affection for the said Linnie Marie Lampkin, I Robert Emory Lampkin, hereby contract and agree to pay to the said Linnie Marie Lampkin the sum of Two Hundred and no/100 ($200.00) Dollars per month for the rest of her life or until such time as she remarries."

█ Defendant now says that he certainly bore her no love and affection at the time he executed the instrument, and that the only reason he executed it was to avoid any contest of the divorce action. Therefore, he says love and affection are out of the consideration picture. He also argues that the property division was about equal, or she probably got the larger share, so he received no consideration from the property division. This argument ignores what to us seems to be the true consideration, that the wife agreed to divide the property in the manner in which he requested. Whether the division was equal or not, it was done on his terms. He got what he wanted, the wife gave it to him, in consideration of his agreement. In doing so, she also gave up her legal right to have the Court apportion or divide the property, and that could have resulted in her getting a greater portion or more desirable property and the defendant less under the broad powers given the Court by Article 4638, Vernon's Ann.Tex.Civ.St. A consideration flowing from the wife to the husband was that he got the property he desired in lieu of the speculative possibility of what the Court might award him. As a matter of law there was consideration.

"A valuable consideration may be either a benefit to the promissor or a detriment to the promisee—or stated in another way it may consist of some right, interest, profit or benefit accruing to one party, of some forbearance, loss, or responsibility given, suffered or undertaken by the other. 13 Tex.Jur.2d, Sec. 46, page 178; Jones v. Alvin State Bank, 332 S.W.2d 124, (Tex.Civ.App.); Lassiter v. Boxwell Brothers, Inc., 362 S.W. 2d 884, (Tex.Civ.App.)."

Sanders v. Republic National Bank of Dallas, Trustee, 389 S.W.2d 551 (Tex.Civ.App. Tyler 1965, n.w.h.).

██ The coercion set out in the defendant's affidavit is that he was desperate to get the divorce and the wife had threatened to make a fight and oppose the divorce, and he executed the agreement in an act of desperation from such coercion. In that we see no such coercion as would raise a fact question as to the validity of the contract. What constitutes duress is a question of law, but whether a person acted voluntarily or as a result of duress is a question of fact. Brooks et al. v. Taylor, 359 S.W.2d 539 (Tex.Civ.App. Amarillo 1962, writ ref'd n.r.e.); Brown v. Westerfeld, 129 S.W.2d 451 (CCA—Dallas 1939, writ dism'd jdgmt. cor.). In this case we have only a question of law, for the threat was to exercise a legal right, to oppose the divorce action.

"There can be no duress unless there is a threat to do some act which the party threatening has no legal right to do.'

Dale v. Simon, Tex.Com.App., 267 S.W. 467, 470. See also Ulmer v. Ulmer, 139 Tex. 326, 162 S.W.2d 944, 947; Cameron County Water Imp. Dist. No. 1 v. Cameron County, etc., Tex.Civ.App., 134 S. W.2d 491, no wr. hist.; Bute v. Stickney, Tex.Civ.App., 160 S.W.2d 302, wr. ref. w. m."

Hall v. Fowler, 389 S.W.2d 730 (Tex.Civ. App.Dallas 1965, n.w.h.).

■ We are also of the opinion that the agreement is not supportive of divorce and thereby void or unenforceable as contrary to public policy. Important to our consideration of this proposition is the fact that the suit for divorce was on file and pending at the time when the agreement was made. The vice of the agreements which are promotive of divorce is that they encourage a spouse to seek a divorce for the reason of a material reward; the moving cause or reason for seeking divorce is to obtain material gain, where otherwise the marital tie would not be broken. Oversimplified, the question presented by such a situation is: Did the agreement spawn the divorce action, or did the divorce suit bring on the agreement? Causes for divorce are prescribed by Statute, and apparently such a cause existed in the case before us prior to and independent of the agreement, for the husband had already filed suit for divorce. In such suit the Court was under a duty to "order a division of the estate of the parties in such a way as the court shall deem just and right, . . ." Article 4638 (supra). It was under those circumstances that the agreement before us was made. While the provision that the wife would give her cooperation and agreed not to contest the divorce, causes some trouble, we are of the opinion that under all the facts and circumstances surrounding the making of the agreement, and its other provisions, that it is not invalid as promotive of divorce. As noted by the Supreme Court in Francis v. Francis, 412 S.W.2d 29 (1967):

"Amicable settlement by the parties of their property rights should be encouraged, not discouraged. The agreement will then have whatever legal force the law of contracts will give to it."

All points of error have been considered and all are overruled. The judgment of the trial Court is affirmed.