Bobby BRASELTON, Appellant,

v.

NICOLAS & MORRIS, Appellee.

No. 1194.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 20, 1977.

Rehearing Denied Nov. 10, 1977.

James R. Harris, Harris, Cook, Browning & Barker, Corpus Christi, for appellant.

Pat Morris, Nicolas & Morris, Corpus Christi, for appellee.

OPINION

YOUNG, Justice.

The defendant, Bobby Braselton, appeals from a summary judgment awarding the plaintiff, Nicolas and Morris, recovery on a past due note against him. Braselton signed the note for $17,000 for payment of legal services rendered for his wife by Mr. Nicolas in the divorce of Bonnie and Bobby Braselton. The fee as originally agreed to by the parties was for $18,000 to be paid $1,000 in cash and $1,000 each month thereafter until paid in full without interest. We reverse.

To be entitled to a summary judgment the party calling for such must come forward with proper pleadings and proof that there are no genuine issues as to any material fact and that as a matter of law he is entitled to judgment. Tex.R.Civ.Proc. Rule 166–A (1977); *Harrington v. Young Men's Christian Ass'n of Houston*, 452 S.W.2d 423 (Tex.Sup.1970). And all doubts

as to the existence of genuine issues of fact are to be resolved against the movant. *Great American R. Ins. Co. v. San Antonio Pl. Supp. Co.,* 391 S.W.2d 41 (Tex.Sup.1965).

Viewed alone, plaintiff's pleadings, motion for summary judgment and supporting proof entitled it to the judgment rendered. Defendant, however, in opposition to plaintiff's motion filed affidavits setting forth the following facts: Mr. Nicolas represented Bonnie Braselton in the divorce proceeding entitled *In the Matter of the Marriage of Bonnie Braselton and Bobby Braselton.* On April 23, 1976, Mr. Braselton met with Mr. Nicolas in his office to complete the property division between the parties. Mr. Braselton was not represented by counsel during this meeting or in the divorce action. Mr. Nicolas represented $18,000 was a fair and reasonable fee for the services rendered and that Mr. Braselton believed that such fee was reasonable based on Mr. Nicolas' representation. Mr. Braselton signed the promissory note solely in reliance upon plaintiff's representation that the fee was fair and reasonable. Further James Harris, a practicing attorney for seventeen years in Corpus Christi and Nueces County, after his review of the services rendered by Mr. Nicolas, was of the opinion that the fee was excessive.

Defendant's affidavits place in issue the question of a defense to a suit on a note between the original parties. Fraudulent inducement is clearly a defense to a suit on a note between the original parties. *Viracola v. Dallas International Bank,* 508 S.W.2d 472 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.); *Costello v. Sample,* 470 S.W.2d 446 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.). Fraud may be either actual or constructive. The latter is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interest. *Archer v. Griffith,* 390 S.W.2d 735 (Tex.Sup.1964); *Mackintosh v. Texas Employers Insurance Ass'n,* 486 S.W.2d 148 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.); *Daves v. Lawyers Surety Corporation,* 459 S.W.2d 655 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e.).

Defendant has alleged fraudulent inducement based on the plaintiff's representation that the fee charged was not excessive. State Bar of Texas, Rules and Code of Professional Responsibility, DR 2–106(A) (1973) provides: "A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee." There exists, therefore, a lawfully imposed duty not to charge excessive fees. There also exists, from the defendant's viewpoint, a cause of action for constructive fraud. It cannot be said, therefore, that as a matter of law the plaintiff is entitled to judgment on the note. There exists the issue of whether the fee charged is excessive.

Appellee, plaintiff here, urges that the resolution of this case is controlled by *Lampkin v. Lampkin,* 480 S.W.2d 35 (Tex. Civ.App.—El Paso 1972, no writ). In *Lampkin,* the former wife brought an action against her former husband for delinquent payments of $200.00 per month due under a property settlement agreement executed incident to their divorce. The appellate court there upheld the trial court's granting of the former wife's motion for summary judgment.

The case here is distinguishable in the following material respects. The plaintiff here was not a party to the settlement agreement as in *Lampkin.* Nor was the amount set out in the settlement agreement here ("Attorney's fees in a reasonable sum . . . .") as it was in *Lampkin* ("Two Hundred and no/100 . . . Dollars per month for the rest of her life . . . .").

Of course, we are not holding that the plaintiff exercised fraud which induced the defendant to execute the note. Our holding is only that defendant has raised an issue of fact regarding that matter.

The judgment of the trial court is reversed and the cause is remanded for trial.

NYE, C. J., not participating.