**Richard R. McCARTNEY, Plaintiff,**

v.

**KANAWHA RIVER TOWING, INC., a Delaware corporation, Defendant.**

**Civil Action No. 3:95–0943.**

United States District Court,
S.D. West Virginia,
Huntington Division.

April 17, 1996.

David Nibert, Point Pleasant, WV, for plaintiff.

Scott Damron, Huntington, WV, for defendant.

## ORDER

GOODWIN, District Judge.

Pending before the Court is the defendant's Motion to Dismiss Based Upon the

Running of the Statute of Limitations. For the reasons set forth herein, the Court **DENIES** the Motion.

## I. BACKGROUND

Plaintiff Richard McCartney filed this action in the Circuit Court of Mason County, West Virginia, alleging that he was terminated from his employment as a seaman aboard a motor vessel in retaliation for his Jones Act claim. Defendant Kanawha River Towing, Inc., removed the action to this Court on the ground that the claim was a general maritime tort governed by federal admiralty law and now moves to dismiss the Complaint as time barred. The defendant argues that the two-year statute of limitations applicable to retaliatory discharge claims under West Virginia law[1] is the most analogous statutory period and that the plaintiff's claim is barred by laches.

## II. DISCUSSION

In *Smith v. Atlas Off-Shore Boat Service,* 653 F.2d 1057 (5th Cir.1981), the Fifth Circuit first recognized a cause of action for wrongful discharge in retaliation for filing a Jones Act claim. The court in *Smith* held "that a discharge in retaliation for the seaman's exercise of his legal right to file a personal injury action against his employer *constitutes a maritime tort.*" *Id.* at 1063 (emphasis added). The holding in *Smith* has been widely accepted.

Following *Smith,* the Fourth Circuit recognized a maritime tort for retaliatory discharge, reasoning in part that while:

> admiralty law sometimes looks to state law for the rule of decision, it does so only when there is no admiralty rule on point and when doing so would not undermine uniformity. *Byrd v. Byrd,* 657 F.2d 615 (4th Cir.1981). In this case, *there is a body of federal maritime jurisprudence relating to wrongful discharge, and turning to West Virginia for the rule of decision would clearly undermine uniformity in federal admiralty law.*

*Meaige v. Hartley Marine Corp.,* 925 F.2d 700, 703 (4th Cir.), *cert. denied,* 501 U.S. 1217, 111 S.Ct. 2826, 115 L.Ed.2d 996 (1991) (emphasis added).

The body of federal maritime jurisprudence relating to retaliatory discharge has not addressed the statute of limitations/laches issue presented here. However, the logic used in deciding *Meaige* compels the conclusion that the federal limitations periods governing maritime torts are the most analogous and are "the statutory time-parallel of laches." *Giddens v. Isbrandtsen Co.,* 355 F.2d 125, 128 (4th Cir.1966). The general maritime statute of limitations is three years. Section 763a of Title 46 of the United States Code provides: "Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued." Similarly, Jones Act claims are controlled by the three-year statute of limitations governing Federal Employee Liability Act claims. 45 U.S.C. § 56; *Clauson v. Smith,* 823 F.2d 660, 661 (1st Cir.1987).

A three-year period for retaliatory discharge actions is consistent with "the exclusive nature of federal admiralty law" and promotes "uniformity of application throughout the nation" and is therefore the appropriate statutory time-parallel of laches in the maritime tort of retaliatory discharge.[2] Since the plaintiff's action was filed within the three-year "statutory time parallel of laches," the Court cannot find that the plaintiff failed to exercise due diligence in filing his claim.[3]

## III. CONCLUSION

Accordingly, the defendant's Motion to Dismiss Based Upon the Running of the Statute of Limitations is **DENIED.**

1. *See Conaway v. Eastern Associated Coal Corp.,* 178 W.Va. 164, 358 S.E.2d 423 (1986); *Stanley v. Sewell Coal Co.,* 169 W.Va. 72, 285 S.E.2d 679 (1982).

2. *See Butler v. American Trawler Co., Inc.,* 887 F.2d 20, 21 (1st Cir.1989) (Congress intended uniform maritime tort limitations period to preclude the operation of different state limitations statutes with respect to maritime torts).

3. The Court does not reach the second element of laches—prejudice to the defendant.

Also pending before the Court is the defendant's: (1) Motion to Strike the plaintiff's claim for punitive damages and for a jury trial; and (2) Motion to Dismiss the entire Complaint for failure to state a claim for retaliatory discharge and to dismiss irrelevant and allegedly offensive allegations of the Complaint. These matters have been stayed pending the Court's resolution of the statute of limitations/laches issue. The Court **DIRECTS** the plaintiff to file any response to the defendant's Motions within 14 days of his receipt of this Order and **DIRECTS** the defendant to file its reply within 7 days of its receipt of the plaintiff's response.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record.