IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2016 Term

_____

No. 15-0692

_____

FILED

**November 15, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

DIANE HORTON, EXECUTRIX OF THE ESTATE OF
GENE RAY DUDDING,
Plaintiff Below, Petitioner

v.

PROFESSIONAL BUREAU OF COLLECTIONS
OF MARYLAND, INC.,
Defendant Below, Respondent

_____

Appeal from the Circuit Court of Putnam County
The Honorable Phillip M. Stowers, Judge
Civil Action No. 13-C-273

AFFIRMED

_____

Submitted: October 5, 2016
Filed:  November 15, 2016

Anthony J. Majestro, Esq.
Powell & Majestro, PLLC
Charleston, West Virginia

Benjamin Sheridan, Esq.
Klein Sheridan & Glazer, LC
Hurricane, West Virginia
Attorneys for Petitioner

David P. Cook, Jr., Esq.
MacCorkle Lavender, PLLC
Charleston, West Virginia
Attorney for Respondent

JUSTICE BENJAMIN delivered the Opinion of the Court.

CHIEF JUSTICE KETCHUM, JUSTICE WORKMAN, and JUSTICE LOUGHRY concur and reserve the right to file concurring opinions.

JUSTICE DAVIS dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1.     "A circuit court's entry of summary judgment is reviewed *de novo*."

Syl. pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).


2.     "The essential elements in an action for fraud are: '(1) that the act

claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was

material and false; that plaintiff relied upon it and was justified under the circumstances

in relying upon it; and (3) that he was damaged because he relied on it.' *Horton v. Tyree*,

104 W. Va. 238, 242, 139 S.E. 737 (1927)." Syl. pt. 1, *Lengyel v. Lint*, 167 W. Va. 272,

280 S.E.2d 66 (1981).


3.     A claim brought under W. Va. Code § 46A-2-127(c) (1997) of the

West Virginia Consumer Credit and Protection Act is not sufficiently analogous to a

claim for deceit and fraud so as to survive the death of the consumer pursuant to W. Va.

Code § 55-7-8a(a) (1959).

Benjamin, Justice:

The petitioner and plaintiff below, Diane Horton, Executrix of the Estate of Gene Ray Dudding, appeals the June 18, 2015, order of the Circuit Court of Putnam County that granted summary judgment to the respondent and defendant below, Professional Bureau of Collections of Maryland, Inc., in the petitioner's action against the respondent alleging claims for violations of the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 to 8-102 ("the Act").[1] After considering the parties' arguments, relevant portions of the appendix, and the applicable law, we affirm the circuit court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August 2013, Gene Ray Dudding ("the decedent") filed a complaint in the Circuit Court of Putnam County alleging various causes of action against the respondent, Professional Bureau of Collections of Maryland, Inc., arising from the respondent's actions in attempting to collect a debt from the decedent. Significant for the purpose of this appeal, the decedent claimed that the respondent failed to disclose its

---

[1] In his complaint below, the decedent also brought claims for negligence, intentional infliction of emotional distress, and invasion of privacy. The circuit court's grant of summary judgment to the respondent on the petitioner's claims for negligence and intentional infliction of emotional distress were not appealed to this Court. The petitioner waived her invasion of privacy claim before the circuit court.

1

name to the respondent when making a demand for money upon the decedent's indebtedness in violation of W. Va. Code § 46A-2-127(c).[2]

On July 9, 2014, the decedent died. In September 2014, the respondent filed filed a Suggestion of Death and a motion for summary judgment. In the respondent's motion for summary judgment, the respondent argued that the decedent's claims under the Consumer Credit and Protection Act do not survive his death pursuant to W. Va. Code § 55-7-8a(a) (1959). The respondent explained that under the Act, it is a consumer that has a cause of action, and consumer is defined in the Act as any natural person obligated or allegedly obligated to pay any debt. Therefore, the respondent concluded that

---

[2] W. Va. Code § 46A-2-127 (1997) provides:

> No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or obtain information concerning consumers. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section: . . . . (c) The failure to clearly disclose the name and full business address of the person to whom the claim has been assigned for collection, or to whom the claim is owed, at the time of making any demand for money[.]

The decedent also brought claims under W. Va. Code §§ 46A-2-125,-128(e), and -127(a). While the petitioner generally contends on appeal that these violations are analogous to a claim for deceit and fraud under W. Va. Code § 55-7-8a(a), the petitioner fails to develop these arguments. This Court has previously adhered to the rule that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal. *State v. Gray*, 217 W. Va. 591, 600, 619 S.E.2d 104, 113 (2005) quoting *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (citation omitted). Based on this rule, we decline to address the petitioner's assertions regarding other alleged violations of the Consumer Credit and Protection Act.

the decedent's claims were extinguished upon his death because the claims are personal to the consumer who owed the debt. Further, the respondent averred that an estate does not have standing to bring a claim under the Act because under the law an estate is not a natural person.

The petitioner subsequently filed a Suggestion of Death and moved to substitute the decedent's estate as plaintiff. In the petitioner's response to the respondent's motion for summary judgment, the petitioner contended that W. Va. Code § 55-7-8a(a) does not extinguish the decedent's claims under the Act. The petitioner posited that both W. Va. Code § 55-7-8a(a) and the Act are remedial statutes that should be construed liberally in favor of the plaintiff. The petitioner asserted that it would be unfair to read W. Va. Code § 55-7-8a(a) in a way that extinguishes the decedent's claims under the Act.

In the circuit court's hearing on the respondent's motion for summary judgment, the petitioner hinged his argument against summary judgment on the fact that the decedent was alive when the respondent's complained of acts occurred, and he was alive when his action was filed against the respondent. The petitioner went on to explain:

> So in order to cut [Mr. Dudding] off at this point is a pretty harsh thing because what it says is essentially creditors can wait until somebody is very ill and, perhaps, essentially while they're dying, and then they don't really have much to worry about if they pass away because their claims are cut off immediately upon their death.

3

> And I don't think that's a liberal construction of the statute. And the Supreme Court said over and over again this must be liberally construed to protect consumers in the State of West Virginia.

In its June 18, 2015, order granting summary judgment in favor of the respondent, the circuit court reasoned that the decedent is not a "natural person" for purposes of the Act. Further, the circuit court found no evidence that any communications from the respondent were directed to the estate or to Ms. Horton in her capacity as executrix of the estate, and there is no evidence that the estate is obligated to pay the alleged debt. Therefore, the circuit court concluded that the estate lacks standing to maintain a private right of action as a "consumer" within the meaning of the Act.

The petitioner now appeals the circuit court's order granting summary judgment to the respondent.

## II. STANDARD OF REVIEW

In syllabus point one of *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994), this Court held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Therefore, we will conduct a *de novo* review of the circuit court's summary judgment order.

## III. ANALYSIS

The dispositive issue before this Court is whether the decedent's claim under W. Va. Code § 46A-2-127(c) of the Act survives his death.[3] The petitioner argues on appeal that a claim brought under W. Va. Code § 46A-2-127(c) is sufficiently analogous to a claim for fraud under W. Va. Code § 55-7-8a(a), so that the claim survives the consumer's death.

As a preliminary matter, we note that the petitioner did not make this argument below either in her response to the defendant's motion for summary judgment or in the hearing before the circuit court. As a result, the circuit court did not address this argument in its motion granting summary judgment to the respondent. Generally, this Court will not address an issue raised for the first time on appeal and not decided by the circuit court. *See* syl. pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance."). We have explained these principles as follows:

---

[3] In her brief, the petitioner presented two assignments of error: (1) The circuit court erred in concluding that a decedent's estate does not have standing to pursue West Virginia Consumer Credit and Protection Act claims and (2) the circuit court erred in concluding that Consumer Credit and Protection Act claims do not survive the death of the plaintiff. Because this Court concludes that the decedent's claims do not survive his death under W. Va. Code §55-7-8a(a), we do not find it necessary to address the standing issue.

5

> Ordinarily, a [party] who has not proffered a particular claim . . . in the trial court may not unveil it on appeal. Indeed, if any principle is settled in this jurisdiction, it is that, absent the most extraordinary circumstances, legal theories not raised properly in the lower court cannot be broached for the first time on appeal. We have invoked this principle with a near religious fervor. This variant of the "raise or waive" rule cannot be dismissed lightly as a mere technicality. The rule is founded upon important considerations of fairness, judicial economy, and practical wisdom.

*State v. Miller*, 197 W. Va. 588, 597, 476 S.E.2d 535, 544 (1996). We have further explained, however, that "the 'raise or waive' rule, though important, is a matter of discretion. Thus, like most rules, this rule admits of an occasional exception." *Id.*, 197 W. Va. at 598, 476 S.E.2d at 545. In this case, we deem it preferable to address the issue in light of the fact that the facts of the case are sufficiently developed to permit meaningful review, and the issue was fully briefed by both parties.

The applicable law in this case is found at W. Va. Code § 55-7-8a(a) (1959), which provides:

> In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable.

The petitioner posits that the decedent's claim under W. Va. Code § 46A-2-127(c) is sufficiently analogous to deceit and fraud so as to survive the death of the claimant pursuant to W. Va. Code § 55-7-8a(a). In support of her position, the petitioner relies on *Stanley v. Sewell Coal Co.*, 169 W. Va. 72, 285 S.E.2d 679 (1981), in which this Court

6

found that a claim for retaliatory discharge is sufficiently related to an action for fraud and deceit so that the claim survives the death of the plaintiff. According to the petitioner, his claim under W. Va. Code 46A-2-127(c) is based on the same underlying principles of deceit and constructive fraud found persuasive in *Stanley*. The petitioner contends that the respondent's failure to disclose the name of the business entity making a demand for money upon the decedent's indebtedness was fraudulent, deceptive, and misleading. The petitioner contends that the respondent purposefully omitted its name in order to mislead the decedent and to deceive him as to who was collecting the debt. The petitioner concludes that this conduct falls within the penumbra of deceit or fraud set forth in W. Va. 55-7-8a(a) and accepted by this Court in *Stanley*.

The respondent's position is that the decedent's claim under W. Va. Code 46A-2-127(c) is not analogous to deceit and fraud under the survival statute and does not survive the decedent's death. The respondent relies on this Court's decision in *Wilt v. State Automobile Mutual Insurance Company*, 203 W. Va. 165, 506 S.E.2d 608 (1998). The respondent explains that in *Wilt*, one of the arguments presented was that provisions contained in the West Virginia Unfair Trade Practices Act, W. Va. Code §§ 33-11-1 to 10, are sufficiently related to an action for deceit and fraud so that the two-year statute of limitations applies under W. Va. Code §§ 55-2-12 and 55-7-8a.[4] This Court rejected this argument in *Wilt* observing that viewing claims under the Unfair Trade Practice Act as

---

[4] This Court indicated in *Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 161 W. Va. 588, 244 S.E.2d 321 (1978), that W. Va. Code § 55-7-8a and W. Va. Code § 55-2-12 are to be read in *pari materia*.

7

being analogous to deceit and fraud is problematic because the type of conduct that constitutes a violation of the Unfair Trade Practices Act may include a variety of factual scenarios which lack the requisite elements of a fraud claim. The Court stated that while the traditionally recognized elements of a fraud claim might exist with regard to those acts of misrepresentation or deception that constitute a violation of the Unfair Trade Practices Act, other conduct that violates the Unfair Trade Practices Act does not amount to fraud. The respondent in this case contends that this Court's reasoning in *Wilt* applies equally to a claim brought under W. Va. Code § 46A-2-127(c) of the Consumer Credit and Protection Act. According to the respondent, a claim under W. Va. Code § 46A-2-127(c) does not necessarily constitute an action for deceit and fraud.

In order to determine whether a claim under W. Va. Code § 46A-2-127(c) is analogous to deceit and fraud, we will first review our law concerning fraud. This Court has held that

> [t]he essential elements in an action for fraud are: (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.

Syl. pt. 1, *Lengyel v. Lint*, 167 W. Va. 272, 280 S.E.2d 66 (1981). The petitioner specifically argues that a violation of W. Va. Code § 46A-2-127(c) is analogous to constructive fraud. This Court engaged in a discussion of constructive fraud in *Stanley* as follows:

8

Fraud may be either actual or constructive. The word "fraud" is a general term and construed in its broadest sense embraces both actual and constructive fraud. Actual fraud, or fraud involving guilt, is defined as anything falsely said or done to the injury of property rights of another. Actual fraud is intentional, and consists of intentional deception to induce another to part with property or to surrender some legal right, and which accomplishes the end designed.

Constructive fraud is a breach of a legal or equitable duty, which, irrespective of moral guilt of the fraud feasor, the law declares fraudulent, because of its tendency to deceive others, to violate public or private confidence, or to injure public interests.

Perhaps the best definition of constructive fraud is that it exists in cases in which conduct, although not actually fraudulent, ought to be so treated, that is, in which conduct is a constructive or *quasi fraud*, which has all the actual consequences and legal effects of actual fraud. Constructive fraud does not require proof of fraudulent intent. The law indulges in an assumption of fraud for the protection of valuable social interests based upon an enforced concept of confidence, both public and private.

169 W. Va. at 76–77, 285 S.E.2d at 682–83 (citations and footnote omitted). This Court

has also described constructive fraud as resting upon the

presumption and rests less upon furtive intent than does moral fraud. It is presumed from the relation of the parties to a transaction or from the circumstances under which it takes place. The conscience is not necessarily affected by it. Indeed, it has been said that it generally involves a mere mistake of fact. Hence, the terms "constructive fraud" and "legal fraud" both connote that in certain circumstances, one may be charged with the consequences of his words and acts, as though he has spoken or acted fraudulently, although properly speaking, his conduct does not merit this opprobrium.

9

*Miller v. Bridge Co.*, 123 W. Va. 320, 335, 15 S.E.2d 687, 695 (1941), quoting 23 *Amer. Jur.*, 756.

Based on our precedent, essentially in order for a plaintiff to prove constructive fraud, he or she must prove the consequences of actual fraud, but does not have to prove a fraudulent intent.

Application of the above description of constructive fraud compels this Court to conclude that a claim brought under W. Va. Code § 46A-2-127(c) is not sufficiently analogous to an action for deceit and fraud so as to survive the death of the consumer pursuant to W. Va. Code § 55-7-8a(a). While the traditional elements of constructive fraud as outlined above may well apply to an act that constitutes a violation of W. Va. Code § 46A-2-127(c), other conduct that violates W. Va. Code § 46A-2-127(c) does not. Therefore, we now hold that a claim brought under W. Va. Code § 46A-2-127(c) (1997) of the West Virginia Consumer Credit and Protection Act is not sufficiently analogous to a claim for deceit and fraud so as to survive the death of the consumer pursuant to W. Va. Code § 55-7-8a(a) (1959).

The decedent's claim is an example of conduct that does not constitute constructive fraud. In his complaint below, the decedent stated that the respondent violated W. Va. Code § 46A-2-127(c) by "failing to clearly disclose the name of the business entity making a demand for money upon Plaintiff's indebtedness." West Virginia Code § 46A-7-127(c) prohibits "[t]he failure to clearly disclose the name and

10

full business address of the person to whom the claim has been assigned for collection, or to whom the claim is owed, at the time of making any demand for money." There are no facts alleged in the decedent's complaint that explain how the respondent's conduct violated W. Va. Code § 46A-2-127(c).[5] However, in the petitioner's reply brief to this Court, the petitioner indicated that the facts underlying the alleged violation of W. Va. Code § 46A-2-127(c) are

> that the Respondent failed to clearly disclose its identity, i.e. name, in telephone calls to the Petitioner in the Caller ID readout, but instead displayed "Toll Free Number" in order that the Petitioner would be deceived and misled that it was the Respondent, a debt collector, that was calling the Petitioner.

Presuming that this complained of practice constitutes a violation of W. Va. Code § 46A-2-127(c), it certainly does not constitute constructive fraud. Significantly, there is no indication that the alleged misrepresentation was material and false. In other words, there is no indication that the respondent's employee was not calling from a toll free number. Also, there is no indication that the decedent relied upon the alleged misrepresentation and was damaged thereby. Therefore, we reject the petitioner's argument that the claim

---

[5] In his complaint, the decedent essentially asserted that after he became in arrears on a debt, the respondent began to engage in collection of the debt through the use of telephone calls, written, and other communications to the decedent; that the decedent retained counsel to represent him in connection with the debt; that the respondent caused a telephone call to be placed to the decedent's home at which time the decedent informed the respondent's employee that he was represented by counsel and gave the employee his counsel's name and telephone number; and that the respondent continued to make telephone calls to the decedent after being informed that the decedent was represented by counsel.

11

brought under W. Va. Code 46A-2-127(c) is sufficiently analogous to a claim for deceit

and fraud under W. Va. Code § 55-7-8a(a) to survive the decedent's death.[6]

## IV. CONCLUSION

For the reasons set forth above, this Court affirms the June 18, 2015, order

of the Circuit Court of Putnam County that granted summary judgment to Respondent

Professional Bureau of Collections of Maryland, Inc. in an action brought against it by

Petitioner Diane Horton as Executrix for Gene Ray Dudding.

Affirmed.

---

[6]West Virginia Code § 55-7-8a(a) also provides that "causes of action for injuries to property, real or personal" survive the death of the plaintiff. According to the petitioner, the decedent incurred attorney fees and costs of litigation in bringing his action against the respondent which he is entitled to recover under the Act. The petitioner contends that these attorney fees and costs constitute injuries to property rights that survive death under W. Va. Code § 55-7-8a(a). Having determined that decedent's claim under W. Va. Code § 46A-2-127(c) did not survive his death, we find no merit to this claim.

Finally, the petitioner argues that "[i]t is manifestly unjust and against public policy to allow wrongdoers to escape due to the death of their victim." We find no merit to this argument. The survival of causes of action is governed by statute and not public policy as set forth therein.