**Nicholas B. MEAIGE, Jr.,**
**Plaintiff–Appellant,**

v.

**HARTLEY MARINE CORPORATION,**
**Defendant–Appellee,**

**and**

**Midland Enterprises,**
**Incorporated, Defendant.**

No. 90–1011.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 30, 1990.

Decided Feb. 5, 1991.

---

Steven Carroll Schletker, Covington, Ky., argued (Gary E. Pullin, Charleston, W.Va., on brief), for plaintiff-appellant.

George Daniel Blizzard, II, argued Shaffer & Shaffer, Madison, W.Va., argued (Anthony J. Cicconi, Shaffer & Shaffer, Madison, W.Va., Ronald Parry, Covington, Ky., on brief), for defendant-appellee.

Before HALL and NIEMEYER, Circuit Judges, and CACHERIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

K.K. HALL, Circuit Judge:

Nicholas B. Meaige, Jr., appeals the district court's dismissal of his wrongful discharge action for failure to state a claim under either general maritime law or West Virginia common law. We affirm.

## I.

Meaige was employed by Hartley Marine Corporation from 1978 until his dismissal in 1988. He worked as a deckhand and pilot on vessels operating on the Ohio River, and, from time to time, he would be called upon to serve as a pilot on the "Ashland fuel run." The Ashland fuel run involved a round trip between Point Pleasant, West Virginia, and Kenova, West Virginia, where the fuel barges in tow were loaded at an Ashland Oil refinery. The Ashland fuel run would last as long as thirty hours, depending on the water level and how long reloading took at the Ashland Oil facility.

The crew on the Ashland fuel run consisted of a pilot and a deckhand. The pilot was required to be available around the clock from port to port. There were no sleeping accommodations on board the boat, no cooking facilities, except for hotplates, and no refrigerator. Toilet facilities consisted of a garbage bag. Meaige piloted the Ashland fuel run approximately ten times. On Meaige's last fuel run, while waiting for the barges to be reloaded, he telephoned his supervisor and requested a relief crew. He explained that he and the deckhand were too fatigued to safely make the return trip. His supervisor refused to supply a relief crew, and, on the return trip, the barges were involved in a minor collision with the lock walls in the Gallipolis Locks.

In March 1988, Meaige's supervisor again requested that he make the Ashland fuel run. Meaige refused and stated that he would not make any more fuel runs unless a relief crew was made available. He further complained that twenty-four hours was too long to stay on the boat, that there was a lack of shower and bathroom facilities, and that the boat was too noisy. Meaige's supervisor discharged him at that time.

Meaige filed suit on October 24, 1988. Meaige's first amended complaint included a claim for wrongful termination.[1] He al-

---

**1.** Meaige's complaint further alleged a cause of action for injuries suffered in August 1986, within the scope of his employment. This claim for personal injury was settled and is not part of this appeal.

leged that compliance with his employer's order to make the Ashland fuel run required him to operate the boat in excess of the maximum number of hours legally allowed in a twenty-four hour period. 46 U.S.C. § 8104(h). The district court denied Meaige's motion for partial summary judgment and dismissed *sua sponte* his wrongful discharge claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim under general maritime law or West Virginia common law. He appeals.

## II.

Appellant raises two arguments. He asserts, first, that the district court erred in dismissing his wrongful discharge claim for failure to state a cause of action under general maritime law and, second, that the court erred in dismissing his claim for failure to state a cause of action under West Virginia common law. We affirm for the following reasons.

■ As a preliminary matter, we note that we review *de novo* the district court's dismissal of appellant's case. This court should not affirm the district court unless the facts alleged by appellant could not, if proven, entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

## A.

■ Under general maritime law, a seaman is an employee-at-will and may be discharged for any or no reason. *Smith v. Atlas Off-Shore Boat Serv.*, 653 F.2d 1057 (5th Cir.1981). Only one exception exists to the general at-will employment rule in maritime law: a seaman may file a personal injury action without retaliation. A recent Fifth Circuit case, *Feemster v. BJ–Titan Servs. Co./Titan Servs.*, 873 F.2d 91 (5th Cir.1989), involved the same statute, 46 U.S.C. § 8104(h), that underlies appellant's claim. The *Feemster* court held, on facts similar to appellant's, that there is no private right of action under general maritime law arising from discharge for refusal to carry out an assignment that would violate a federal statute. *Id.* at 93. We adopt the reasoning of *Feemster.*

Appellant attempts to distinguish *Feemster* by arguing that appellant had made the Ashland fuel run numerous times before refusing, and, therefore, the violation of § 8104(h) was not speculative as it was in *Feemster.* We are unconvinced. First, the statute's proscriptions are aimed at employers, and it provides only a small fine for violations. Second, the Coast Guard is the agent of enforcement of maritime safety and seaman protection laws; therefore, Meaige "can complain of safety violations to the Coast Guard and enlist its aid to prevent violations." *Id.* at 93–94. Third, no private right of enforcement was intended by Congress under § 8104(h). *Id.* (citing H.R.Rep. No. 338, 98th Cong., 1st Sess. 113 (1983) U.S.Code Cong. & Admin.News 1983, p. 924). The district court's dismissal for failure to state a claim under federal maritime law is affirmed.

## B.

■ We also affirm the district court's judgment dismissing appellant's action for failure to state a claim under West Virginia common law, but on different reasoning. Appellant and the district court failed to recognize the exclusive nature of federal admiralty law. "The judicial Power shall extend ... to all Cases of admiralty and maritime Jurisdiction." U.S. Const. art. III, § 2. Uniformity of application throughout the nation is a central purpose and feature of this exclusive jurisdiction. *The Lottawanna (Rodd v. Heartt)*, 21 Wall. (88 U.S.) 558, 575, 22 L.Ed. 654 (1874).

Although the Fourth Circuit recognizes that admiralty law sometimes looks to state law for the rule of decision, it does so only when there is no admiralty rule on point and when doing so would not undermine uniformity. *Byrd v. Byrd*, 657 F.2d

615 (4th Cir.1981). In this case, there is a body of federal maritime jurisprudence relating to wrongful discharge, and turning to West Virginia for the rule of decision would clearly undermine uniformity in federal admiralty law. Therefore, though it was error to look to West Virginia common law for a rule of decision, we affirm the district court's judgment dismissing the claim.[2]

AFFIRMED.

Center; James C. Nance, Litton Bionetics, Inc.; I.J. Fidler, Frederick Cancer Research Center; United States of America; U.S. Department of Health and Human Services; Environmental Protection Agency, Defendants,

The Newsletter Association; Maryland–Delaware–District of Columbia Press Association; National Association of Broadcasters; the Radio–Television News Directors Association; the Reporters Committee for Freedom of the Press; Washington Merry–Go–Round, Inc.; the Washington Post, Amici Curiae.

No. 88–2641.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 2, 1990.

Decided Feb. 5, 1991.

As Amended Feb. 12 and Feb. 27, 1991.

**2.** Meaige filed a motion to certify questions to the West Virginia Supreme Court of Appeals to determine whether Meaige's termination was actionable as a contravention of a substantial public policy of that state. The district court denied Meaige's motion, and Meaige also appeals the district court's denial. The decision to certify questions to a state court is clearly discretionary. *See Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974). In light of our reasoning affirming the district court's dismissal of appellant's claim based on West Virginia common law, we affirm the district court's denial of the motion to certify.