**Janice L. GARNER, et al., Plaintiffs,**

v.

**DRAVO BASIC MATERIALS COMPANY, Defendant.**

**Civ. A. No. A:90–0639.**

United States District Court, S.D. West Virginia, Parkersburg Division.

July 25, 1991.

---

Richard A. Hayhurst, Richard A. Bush, Parkersburg, W.Va., for plaintiffs.

Norman J. Cowie, Pittsburgh, Pa., Daniel A. Ruley, Jr., Parkersburg, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendant's motion for partial summary judgment or in the alternative to bar evidence. The issue raised is whether the estate of a non-seaman may recover lost future earnings in a general maritime law wrongful death action. The Court concludes that such damages are recoverable. Accordingly, the Court denies the Defendant's motion for partial summary judgment and denies the Defendant's motion to bar evidence.

This action stems from a tragic incident of a pleasure craft colliding with a loaded barge. On July 15, 1989, Michael Garner operated a pleasure craft on the Little Kanawha River near Parkersburg. The occupants of the pleasure craft included his wife, Janice L. Garner, their two sons, Shane M. Garner and Troy Austin Garner, and friends Joan Glasser and David Allen.

Shortly before 10:00 p.m., the pleasure craft struck a loaded barge located at the Dravo Basic Materials Company Merrill Yard Landing at Mile 2.1 on the Little Kanawha River. Both Michael A. Garner and Janice L. Garner sustained personal injuries while their son, Troy Austin Garner, was fatally injured in the collision. Janice L. Garner was appointed administratrix of the estate of Troy Austin Garner. This action was subsequently filed by Janice L. Garner in both her own behalf and in her capacity as administratrix of the estate of Troy Austin Garner. Michael A. Garner is also named as a party Plaintiff.

During discovery, the Plaintiffs' counsel indicated damages sought which include the economic value of the loss of Troy Austin Garner's life. An integral part of those damages include the loss of future earnings suffered due to the death of Troy Austin Garner. The Defendant Dravo Basic Materials Company moves the Court for summary judgment to preclude damages for lost future earnings, or in the alternative, to bar such evidence at trial.

▮ When addressing issues such as this one, the Court must look to the body of federal maritime jurisprudence. "The judicial power shall extend ... to all cases of admiralty and maritime jurisdiction." U.S. Constitution, Art. 3, Section 2. The Court must "recognize the exclusive nature of federal admiralty law." *Meaige v. Hartley Marine Corp.*, 925 F.2d 700, 702 (4th Cir. 1991). Although admiralty law sometimes looks to state law for the rule of decision, it does so only when there is no admiralty rule on point and when doing so would not undermine uniformity. *Id.* (citing *Byrd v. Byrd*, 657 F.2d 615 (4th Cir.1981)). Al-

though Plaintiff urges reliance upon the West Virginia Wrongful Death Act, the Court refuses to do so since there is a body of federal maritime jurisprudence relating to damages recoverable in a wrongful death action in federal admiralty law.

It is clear that Janice L. Garner, as administratrix of the estate of Troy Austin Garner, brought a cognizable action in admiralty for the wrongful death of a non-seaman. *Moragne v. State Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). The issue raised is simply what damages are recoverable in a non-seaman wrongful death action under general maritime law. In concluding that lost future income is a recoverable element of damages in a non-seaman wrongful death action under general maritime law, the Court gains guidance from the Jones Act, the Death on the High Seas Act (DOHSA), as well as common law and admiralty principles.

A death which occurs on the high seas is governed by the DOHSA. Congress in enacting the DOHSA set limits on recoverable damages in wrongful death suits to "pecuniary loss sustained by the persons for whose benefit the suit is brought." 42 U.S.C. § 672. This explicit limitation precludes recovery for non-pecuniary loss, such as loss of society, for deaths that occur on the high seas. *Mobile Oil Corp. v. Higganbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978).

The Jones Act likewise limits the recoverable damages in a wrongful death action, although not through explicit language. The Jones Act incorporates the Federal Employee Liability Act's survival provision which limits recovery to the losses suffered during the decedent's lifetime. See 45 U.S.C. § 59; *Van Beeck v. Sabine Towing Co.*, 300 U.S. 342, 347, 57 S.Ct. 452, 454, 81 L.Ed. 685 (1937); *St. Louis I.M. and S.R. Co. v. Craft*, 237 U.S. 648, 658, 35 S.Ct. 704, 706, 59 L.Ed. 1160 (1915). Thus, if this action were brought pursuant to the Jones Act, the Plaintiffs obviously could not recover the lost future income of Troy Austin Garner.

However, the wrongful death action on behalf of Troy Austin Garner occurred in territorial waters. He was neither a longshoreman nor a seaman. The recoverable damages are not limited by the DOHSA since the incident did not occur on the high seas, nor are recoverable damages limited by the Jones Act since Troy Austin Garner was not a seaman.

The scope of damages recoverable under a maritime wrongful death action was first addressed in *Sea–Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). A wrongful death action was pursued for the death of a longshoreman in territorial waters. The Court did not consider the preclusive effect of the DOHSA or the Jones Act since the decedent was neither a true seaman nor on the high seas at the time of his death. Accordingly, the Supreme Court held that "the decedent's dependents may recover damages for their loss of support, services, and society, as well as funeral expenses." *Id.* at 584, 94 S.Ct. at 814.

The Supreme Court revisited the issue of damages in a general maritime cause of action in the recent case of *Miles v. Apex Marine Corp.*, ––– U.S. –––, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). *Miles*, the mother and admistratrix of the estate of a deceased seaman, Miles, brought a Jones Act action resulting from the death of her son. The pursued damages included the loss of future income. The Court defined the narrow issue as "whether the income decedent would have earned but for his death is recoverable." The Supreme Court answered that his future income is not recoverable. 111 S.Ct. at 327.

Dravo asserts that *Miles* is dispositive of the issue of lost future income in a general maritime action. Basically Dravo asserts that whether the decedent is a seaman, longshoreman, harbor worker or recreational boater, a wrongful death action only provides damages governed by the general maritime law. That general maritime law is set forth in *Miles* to preclude the recovery for any decedent's lost future earnings. Dravo's argument is further supported by the recognition that "the considered judgment of a large majority of American legislatures is that lost future income is not recoverable in a survival action." 111 S.Ct. at 327.

Dravo's argument is appealing on its face but it fails to provide a sound basis for prohibiting recovery of future income of non-seaman. *Miles* involved the death of a seaman and the Supreme Court appropriately looked to the Jones Act, which limits recovery to losses suffered during the decedent's lifetime. See 45 U.S.C. § 59. The Supreme Court refused to go beyond the Congressionally limited system of recovery for a seaman's injury and death. These considerations are not present.

Troy Austin Garner, as a non-seaman who died on territorial waterways, is not covered by the Jones Act or the DOHSA. There is no concern that recovery of lost future income will be duplicative of any other recovery. It is inconsistent with federal maritime law to prohibit damages in the form of lost future income when there is no explicit statutory or federal common law prohibition on such damages. A tortfeasor should bear the total cost of the victim's death, which does include the loss of future income.

Accordingly, the Court denies the Defendant's motion for partial summary judgment on the claim for loss of future income.