George Walter GAINES, Plaintiff,

v.

AMPRO FISHERIES, INC., Defendant.

No. 3:93CV592.

United States District Court, E.D. Virginia, Richmond Division.

Nov. 10, 1993.

Jesse Marden Suit, III, Rutter & Montagna, Norfolk, VA, for George Walter Gaines.

Thomas Francis Hennessy, III, Thomas Michael Lucas, Richard Gregory McNeer, Jr., Vandeventer, Black, Meredith & Martin, Norfolk, VA, for Ampro Fisheries, Inc.

---

## MEMORANDUM

MERHIGE, District Judge.

This matter comes before the Court on defendant's motion to strike plaintiff's jury trial demand and claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff Gaines filed this action on September 1, 1993 seeking compensatory and punitive damages for defendant's alleged retaliatory discharge. Plaintiff specifically invoked this Court's maritime jurisdiction pursuant to 28 U.S.C. § 1333.[1] Defendant filed the instant motion to strike on September 28, 1993, and plaintiff has not responded thereto.

In his Complaint, plaintiff alleges that on August 29, 1990 and while in defendant's employ, he sustained personal injuries due to defendant's negligence and the unseaworthiness of defendant's vessel. Plaintiff further alleges that, as a result of his injuries, he was not fit to perform his employment related duties from August 29, 1990 until January 13, 1992. After settling his claim against Ampro fisheries, plaintiff was hired by Ampro for the 1992 fishing season. Defendant subsequently discharged plaintiff on September 17, 1992. Plaintiff seeks $250,000 in compensatory and punitive damages for defendant's alleged retaliatory discharge.

■ Defendant first attacks plaintiff's demand for a jury trial. Citing *Meaige v. Hartley Marine Corp.*, 925 F.2d 700 (4th Cir.1991), defendant argues that admiralty law, not Virginia law, governing wrongful discharge must control plaintiff's claims.

"Although the Fourth Circuit recognizes that admiralty law sometimes looks to state law for the rule of decision, it does so only when there is no admiralty rule on point and when doing so would not undermine uniformity ... In this case, there is a body of federal maritime jurisprudence relating to wrongful discharge, and turning to West Virginia for the rule of decision would clearly undermine uniformity in fed-

eral admiralty law. Therefore, ... it was error to look to West Virginia common law for a rule of decision ..."

*Id.* at 702–703. Not only must this Court look to admiralty law under *Meaige*, defendant avers, but admiralty jurisdiction is the only basis for jurisdiction expressly invoked by plaintiff in his Complaint. Defendant concludes that, where a complaint contains a statement identifying a claim as an admiralty or maritime claim, there is no right to a jury trial. *See T.N.T. Marine Services v. Weaver Shipyards*, 702 F.2d 585, 588 (5th Cir.1983) (holding that plaintiff was not entitled to jury trial because he asserted admiralty or maritime claims in his complaint by stating: "the Complaint of T.N.T. Marine Services, Inc. ... for breach of contract, civil and maritime, and for maritime tort avers on information and belief as follows ...."). Under *Weaver Shipyards*, defendant submits, plaintiff's demand for a jury trial must be struck.

*Weaver Shipyards* stands principally for the proposition that, where jurisdiction over a plaintiff's claims lies under both diversity and admiralty and the plaintiff invokes maritime jurisdiction in his Complaint, that plaintiff cannot demand a jury. "Therefore, there is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though diversity jurisdiction exists as well." *Id.* at 587. Although the instant action is not one in which the Court has jurisdiction under both diversity and admiralty, the clear rule in *Weaver* remains that an election to bring suit under admiralty jurisdiction necessarily precludes trial by jury. "In short, the plaintiff elected to bring the suit under admiralty jurisdiction, and cannot now complain about his right to a jury." *Id.* at 588.

Furthermore, having denoted his claim as one brought in admiralty, plaintiff brings himself under the purview of Federal Rule of Civil Procedure 9(h).[2] Rule 9(h) effectively

---

1. Paragraph 1 of the Complaint states, "Plaintiff, George Walter Gaines, is a Seaman and files this action under the maritime laws of the United States as well as any applicable federal statutes."

2. Federal Rule of Civil Procedure 9(h) states, in pertinent part:

(h) **Admiralty and Maritime Claims.** A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of

precludes trial by jury for cases in which the court has jurisdiction through admiralty or some other means and the plaintiff identifies the claim as one brought in admiralty, and those in which the court's exclusive jurisdiction is in admiralty. Moreover, Rule 38(e) states "These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)." Fed.R.Civ.P. 38(e).

Under *Meaige* and Federal Rules 9(h) and 38(e), the Court concludes that, by the terms of the Complaint, plaintiff is not entitled to a jury trial. *See Sanderlin v. Old Dominion Stevedoring Corp.*, 281 F.Supp. 1015, 1016 (E.D.Va.1968) (holding that under Rule 38(e) there is no right to a trial by jury if plaintiff chooses to identify his claim as admiralty or maritime as permitted by Rule 9(h)). Accordingly, defendant's motion to strike the jury·demand will be granted.

■ Defendant also contests plaintiff's claim for punitive damages. Relying on *Smith v. Atlas Off–Shore Boat Service*, 653 F.2d 1057 (5th Cir.1981), defendant asserts that punitive damages are expressly not recoverable in a maritime action for retaliatory discharge. In recognizing the admiralty cause of action for retaliatory discharge, the court in *Smith* stated:

> "The cause of action we recognize is limited. It subjects the employer to liability for compensatory damages if, and only if, the seaman can establish that a substantial motivating factor in the employer's decision to discharge him was a seaman's personal injury action arising out of the employment relation. It does not prevent the employer from discharging the seaman for any or no reason, unless that reason is the seaman's filing of a personal injury claim. Moreover, it does not permit the seaman to recover punitive damages or compensatory damages to which he is already entitled under the personal injury claim."

Rules 14(c), 38(c), 82.... If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not.

**3.** *See Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) (recogniz-

*Id.* at 1065. The *Smith* court added that, while a claim for retaliatory discharge may be joined with a personal injury action and tried to a jury, in a discharge action standing alone "[T]he employer should not ... be further penalized by the inclusion of punitive damages in the seaman's list of items recoverable." *Id.* at 1064.

No Fourth Circuit decision has directly addressed the question of recovery of punitive damages in admiralty retaliatory discharge actions. However, in *Meaige*, the Fourth Circuit recognized the principle, as annunciated first in *Smith*, that although a seaman is generally an employee-at-will, a seaman may file a personal injury action without retaliation. *Meaige*, 925 F.2d at 702, citing· *Smith*, 653 F.2d 1057. On the basis of *Smith* and *Meaige*, as well as the national goal of uniformity in admiralty jurisprudence,[3] the Court will grant defendant's motion to strike plaintiff's claim for punitive damages.

An appropriate Order follows.

### ORDER

For the reasons stated in the Memorandum of the Court this day filed and deeming it proper so to do, it is ADJUDGED AND ORDERED that defendant's motion to strike the jury demand and to strike plaintiff's claim for punitive damages is GRANTED.

ing the importance of uniformity in admiralty jurisprudence); *Meaige v. Hartley Marine Corp.*, 925 F.2d 700, 702 (4th Cir.1991) ("Uniformity of application throughout the nation is a central purpose and feature of this exclusive jurisdiction").