# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1752
_____

Raymond Zbylut,               *
                                 *
           Appellant,      *
                                 *   Appeal from the United States
    v.                             *   District Court for the
                                 *   Southern District of Iowa.
Harvey's Iowa Management Co., Inc.,  *
Harvey's Casino,         *
                                 *
          Appellees.      *

_____

Submitted: December 22, 2003
     Filed:  March 25, 2004
_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.
_____

RILEY, Circuit Judge.

Raymond Zbylut (Zbylut) appeals the district court's[1] adverse grant of summary judgment in his wrongful discharge action. We affirm.

In October 1997 Zbylut began working for Harvey's Iowa Management Company (Harvey's) as a licensed assistant engineer on Harvey's casino vessel.

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

Zbylut's duties included filling out engine-room log books. Zbylut presented evidence that when there were not enough engine utilitymen working to comply with the vessel's Coast Guard Certificate, Zbylut's supervisors ordered him to call the pilot house and obtain an employee name to put in the log book, even though the employee was not actually working in the engine room. Zbylut contends that falsifying log entries violates 46 U.S.C. § 8101 (addressing manning of vessels). Zbylut first complained about falsifying the log books about four months after starting work at Harvey's. His supervisors ordered him to continue falsifying the log books. Thereafter, Zbylut alleges his supervisors harassed him.

According to Zbylut, on numerous occasions Zbylut's immediate supervisor made demeaning comments about Filipino women in front of Zbylut, knowing that Zbylut's wife was Filipino and that Zbylut was president of a local Philippine-American organization. Further, Zbylut's supervisors refused to forward to Harvey's Human Resources Department Zbylut's request for a review of his log falsification complaints, refused to allow him to return early from a Family and Medical Leave Act leave, denied him a requested raise, chastised him for ordering pizza, used obscenities in telling him he could not take leftover pizza home to his wife, and were generally unfriendly to him.

In July 1999 Zbylut told supervisory personnel he was contemplating leaving Harvey's due to the harassment arising out of his complaints regarding the log books, as well as management's failure to follow up on his complaints. Zbylut resigned in September 1999 and later filed the instant action. Invoking general maritime law and "borrowing from" Iowa law, Zbylut claimed he was constructively discharged for resisting orders to falsify log entries.

The district court granted Harvey's summary judgment, concluding Zbylut had not stated a private claim under admiralty law, and the alleged harassing conduct did not render Zbylut's work environment adequately hostile to bring a constructive

discharge claim under Iowa law. On appeal, Zbylut argues he created a genuine issue of fact as to his state constructive discharge claim, and the district court erred in not considering evidence he resigned because he was required to engage in illegal conduct. He does not challenge the court's conclusion that admiralty law does not provide him with a private cause of action.

We review de novo the grant of summary judgment, viewing the evidence in the light most favorable to Zbylut. See Britton v. U.S.S. Great Lakes Fleet, Inc., 302 F.3d 812, 815 (8th Cir. 2002). Initially, we conclude admiralty law did not preempt Zbylut's state wrongful discharge claim. See Am. Dredging Co. v. Miller, 510 U.S. 443, 446-47 (1994) (admiralty law does not preempt state remedies so long as state court does not attempt to change substantive maritime law); cf. Ellenwood v. Exxon Shipping Co., 984 F.2d 1270, 1274, 1280 (1st Cir. 1993) (nothing in maritime law is at odds with state human rights statutes regarding handicapped rights); Clements v. Gamblers Supply Mgmt. Co., 610 N.W.2d 847, 850 (Iowa 2000) (en banc) (maritime law would not be frustrated by state retaliatory discharge claims).

To prevail on a tort claim for a discharge in violation of public policy, an employee must show (1) a clearly defined public policy protected an activity; (2) the policy was undermined by discharging the employee; (3) the discharge was the result of engaging in the protected activity; and (4) there was no other justification for the discharge. See Davis v. Horton, 661 N.W.2d 533, 535 (Iowa 2003).

We discern no clearly defined public policy protecting Zbylut's activity. First, federal maritime law does not provide a clear public policy against violating section 8101. See Meaige v. Hartley Marine Corp., 925 F.2d 700, 702-03 (4th Cir. 1991) (no private right of action under general maritime law for retaliatory discharge due to seaman's refusal to carry out assignment that allegedly would violate federal safety statute); Feemster v. BJ-Titan Servs. Co./Titan Servs., Inc., 873 F.2d 91, 93 (5th Cir.

1989) (no private cause of action on public policy exception under employment-at-will doctrine for refusing job assignment that would violate 46 U.S.C. § 8104(h)).

Second, although Iowa recognizes a public policy against terminating an employee who refuses to violate the law, see Borschel v. City of Perry, 512 N.W.2d 565, 568 (Iowa 1994); Smuck v. Nat'l Mgmt. Corp., 540 N.W.2d 669, 673 (Iowa Ct. App. 1995) ("it is contrary to public policy to fire an employee for refusing to break any law, be it state or federal"), Zbylut never refused to falsify the log books, nor did he complain to the Coast Guard. Further, Zbylut was not actually discharged. Put simply, the evidence indicates Zbylut voluntarily left his employment after continually, albeit reluctantly, violating the law. We decline to extend Iowa's narrow public policy exception to encompass Zyblut's circumstances. See Fitzgerald v. Salsbury Chem. Inc., 613 N.W.2d 275, 282-83 (Iowa 2000) (en banc) (public policy exception to employment-at-will doctrine is limited to cases involving well recognized and clearly defined public policies).

Accordingly, we affirm the well reasoned opinion of the district court.

———————————————