Michael SMITH, Plaintiff,

v.

McALLISTER TOWING OF NEW YORK, L.L.C., Defendant.

No. 04 Civ.3059(LAK).

United States District Court, S.D. New York.

March 28, 2005.

Robin M. Wertheimer, Wertheimer Associates, P.C., for Plaintiff.

Mark F. Muller, William J. Pallas, Freehill, Hogan & Mahar LLP, for Defendant.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

This matter is before the Court on defendant's motion for summary judgment dismissing the complaint.

## Facts

On June 6, 2003, plaintiff was employed as captain of the tug CHARLES D. McALLIS-TER. That afternoon, he left the yard, where the tug was tied up, to shop for food supplies for the crew, leaving the tug in the care of his mate. When he finished shopping, he phoned the dispatcher, who told him that the tug was being sent out on a job, following which it would return to the yard and probably be tied up for the weekend due to lack of work. Plaintiff thereupon went home.

Some time later that evening, plaintiff met some friends at a bar where he drank beer and possibly something stronger. At about 11 p.m., he returned to the yard to pick up some personal effects from the tug. When he arrived at the yard, he learned that the tug had been involved in a grounding incident earlier in the evening and, although he had not been aboard, that he would have to submit to a drug and alcohol test. He did so, failed the test, and was fired on June 9, 2003. He was rehired by McAllister as a tug captain on July 1, 2003 subject to his agreement to attend an alcohol counseling program. He voluntarily left McAllister's employ in November 2003 for another job.

Plaintiff brings this action under the Jones Act.[1] The complaint alleges claims for discriminatory discharge in alleged violation of Section 8–107 of the New York City Administrative Code, intentional infliction of emotional distress, defamation and slander, and wrongful discharge under the general maritime law. Defendant moves for summary judgment dismissing the complaint.

1. 46 App. U.S.C. § 688.

2. There is a substantial argument for the proposition that it is preempted by federal law insofar as it otherwise might apply to seamen.

3. N.Y.C. AD. C. § 8–107, subd. 15(c) (2004) (emphasis added).

## Discussion

The crux of plaintiff's position is that he was off duty when he failed the alcohol test and that defendant's action in terminating him therefore was inappropriate. But the question whether he was on or off duty is quite immaterial.

### The New York City Administrative Code Claim

■ Plaintiff's first claim for relief alleges violation of Section 8–107 of the New York City Administrative Code, which bars employment discrimination on the basis of age, race, creed, color, national origin, and a variety of other grounds. Even assuming *arguendo* that the statute applies here,[2] the complaint fails to allege any violation. Plaintiff does not allege that his age, race, creed or other protected characteristic was a factor in McAllister's determination to fire him. In any case, Section 8–107, subd.15(c), specifically provides that:

> "Nothing contained in this chapter shall be construed to prohibit a covered entity from (i) prohibiting the illegal use of drugs or the use of alcohol at the work place or on duty, *impairment from the illegal use of drugs or the use of alcohol* or (ii) conducting drug testing which is otherwise lawful." [3]

Accordingly, the first claim for relief is baseless.

### Wrongful Termination

■ "In the absence of a contractual provision specifying a definite term or voyage during which a seaman will be employed, the seaman's employment is 'terminable at will by either party.' " [4] There is no claim here of a contract for a definite term or voyage. Accordingly, McAllister

4. *Smith v. Atlas Off–Shore Boat Serv., Inc.,* 653 F.2d 1057, 1060 (5th Cir.1981) (quoting *Findley v. Red Top Super Markets, Inc.,* 188 F.2d 834, 837 n. 1 (5th Cir.), *cert. denied,* 342 U.S. 870, 72 S.Ct. 112, 96 L.Ed. 654 (1951)); *accord, Meaige v. Hartley Marine Corp.,* 925 F.2d 700, 702 (4th Cir.1991); *Schuppman v.*

was entitled to terminate plaintiff for any or no reason.[5] The wrongful termination claim must be dismissed.

## Intentional Infliction of Emotional Distress

■ Plaintiff's claim for emotional distress is governed by the Jones Act., which is the exclusive remedy for personal injury claims against the employers of seamen. Even assuming that a claim for intentional infliction of emotional distress will lie under the Jones Act, plaintiff's claim fails for either of two reasons.

First, cases under the FELA, which are persuasive authority in Jones Act cases,[6] make clear that a claim for intentional infliction of emotional distress lies, if at all, only where there has been "physical contact or a threat of physical contact."[7] No such contact or threat is claimed here.

Second, a claim for intentional infliction of emotional distress lies, if at all, only where the conduct is exceptionally egregious.[8] No such facts are alleged here.

## Defamation

■ The only allegations in the complaint that even arguably support a claim of defamation are the assertions that "[i]n the course of his efforts to find other employment within plaintiff's industry, plaintiff was informed that he was not employable because he had failed drug and alcohol tests" and that this information was given to other companies by McAllister.[9] During discovery, plaintiff was unable to adduce any evidence that McAllister ever made any such statement to anyone. Accordingly, defendant seeks summary judgment.

As this is an issue on which plaintiff would bear the burden of proof at trial, he was obliged to come forward with admissible evidence [10] sufficient to raise a genuine issue for trial [11] in order to avoid sum-

---

5. *Meaige*, 925 F.2d at 702.

6. *See, e.g., Wiora v. Harrah's Illinois Corp.*, 68 F.Supp.2d 988, 994 n. 4 (N.D.Ill.1999).

7. *Gallimore–Wright v. Long Isl. R.R. Co.*, 354 F.Supp.2d 478, 486–87 (S.D.N.Y.2005).

8. *See, e.g., Murphy v. Am. Home Prods. Co.*, 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 236, 448 N.E.2d 86 (1983); RESTATEMENT (SECOND) TORTS § 46(1).

9. Cpt. ¶¶ 29–30.

In plaintiff's memorandum, he retreats from this. He now claims that the alleged defamation was only that he "has the disease of alcoholism and that he would be on duty under the influence of alcohol." Pl. Mem. 6. He thus has abandoned any contention that anything was said about drugs.

10. *See, e.g., Nora Beverages, Inc. v. Perrier Group of Am., Inc. .*, 269 F.3d 114, 123–24 (2d Cir.2001); *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 746 (2d

Cir.1998); *Raskin v. Wyatt Co.*, 125 F.3d 55, 65–66 (2d Cir.1997).

11. *E.g., Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993) (when nonmoving party bears burden of proof at trial, moving party is entitled to summary judgment if nonmovant fails to make showing on essential element of its claim); *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir.1995) ("In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). *But see Davis v. City of New York*, 142 F.Supp.2d 461, 467 (S.D.N.Y.2001) (noting that the purpose of Rule 56 is "to isolate and dispose of factually unsupported claims or defenses" and holding that " '[f]actually unsupported' claims or defenses cannot include those for which factual support may exist, but is unavailable to the non-moving party simply because the movant is the only one with personal knowledge of the facts").

mary judgment on this issue. Plaintiff has offered no admissible evidence that McAllister made any such statement. Accordingly, the defamation claim must be dismissed.

### Conclusion

For the foregoing reasons, defendant's motion for summary judgment dismissing the complaint is granted.

SO ORDERED.